UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MAURICE FAUNTAIN HERRON, JR.,[1]

　　　　　Plaintiff,

　　　v.

CORTEZ, et al.,

　　　　　Defendants.

No.  2:25-cv-2429 WBS CSK P

ORDER

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

///

---

[1]  Plaintiff is also known as Murrice Fauntain Herron, Jr., but because CDCR records reflect his name as Maurice Herron, this Court uses "Maurice" to ensure plaintiff receives court orders.  This information was obtained from the CDCR Inmate Locator website, https://ciris.mt.cdcr.ca.gov/ (accessed Apr. 17, 2026).  The Court may take judicial notice of public records available on online inmate locators.  See United States v. Basher, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator available to the public); see also Foley v. Martz, 2018 WL 5111998, at *1 (S.D. Cal. Oct. 19, 2018) (taking judicial notice of CDCR's inmate locator).

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I.      PROCEDURAL BACKGROUND

Plaintiff's original complaint was not signed. (ECF No. 1.) On September 3, 2026, plaintiff was ordered to re-file a signed complaint within thirty days. (ECF No. 5.) On October 10, 2025, this Court recommended that the action be dismissed based on plaintiff's failure to submit a signed pleading in violation of Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 7.) On October 29, 2025, plaintiff filed objections, and provided a signed civil rights complaint. (ECF Nos. 8, 9.)

II.     PENDING FINDINGS AND RECOMMENDATIONS

Because plaintiff provided a signed complaint, the findings and recommendations (ECF No. 7) are vacated, and the Court will screen the complaint.

III.    SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

2

Cir. 1984).  The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

IV.     THE CIVIL RIGHTS ACT

To state a claim under § 1983, a plaintiff must demonstrate:  (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal

connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

V.     PLAINTIFF'S COMPLAINT

Plaintiff names three defendants at High Desert State Prison, all correctional officers: Cortez, Garcia and Wise. (ECF No. 9 at 2.) Plaintiff alleges the following. On June 21, plaintiff went "man down" due to chest and stomach pains. (ECF No. 9 at 3.) Plaintiff laid on his cell floor for about 30 minutes when defendant Cortez came to plaintiff's cell and said, in an antagonizing voice, "Oh, do you have tummy ache? Do you need a medical slip?" (Id.) petitioner responded, "No, I need a nurse." (Id.) Cortez walked off, "knowing [plaintiff] was having chest pains." (Id.) Pursuant to Inmate Rules and Regulations Sections 7-10 and 7-11, the incident should have immediately contacted health care staff, "which she refused to do." (Id.) Defendant Garcia came to plaintiff's door with plaintiff's 602 decision, and threatened plaintiff, saying "She did nothing wrong you might wanna drop this 602." (Id.) Defendant Wise knew plaintiff was calling man down, did not call it for plaintiff, and told defendant Cortez not to call it as well, and she did not under his direction. (Id.) As a result, plaintiff was denied medical assistance, subjecting him to more pain. Plaintiff had to have three EKGs done based on his chest pains and his "heart was racing." (Id.) Plaintiff seeks money damages. (Id. at 4.)

VI.    DISCUSSION

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

4

2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  Deliberate indifference may be shown by the denial, delay, or intentional interference with medical treatment or by the way in which medical care is provided.  Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

"Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action."  Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. at 105-06 (1976)).

Here, plaintiff's allegations are too vague to determine whether each defendant was deliberately indifferent to a serious medical need.  Plaintiff alleges defendant Cortez "walked off," but plaintiff provides no facts demonstrating that defendant Cortez knew plaintiff was suffering chest pains -- she referred to a tummy ache -- and plaintiff claims she knew he was suffering from chest pains, but he does not explain how Cortez knew.  As to defendant Garcia, it is unclear when Garcia presented at plaintiff's cell, but given plaintiff's claim that Garcia had plaintiff's "602 decision," it appears it would have been some time after June 21.  There are no other facts suggesting that defendant Garcia was involved in the June 21 incident.[2]  Finally, plaintiff claims that defendant Wise knew plaintiff was calling man down, but plaintiff does not describe how Wise knew.

At some point, plaintiff received medical care because he was given three EKGs.  But plaintiff does not identify how long his medical care was delayed, and plaintiff does not identify a serious medical diagnosis, if one was obtained.  Further, plaintiff is advised that allegations that a

[2]  Plaintiff claims defendant Garcia threatened plaintiff, and seems to suggest Garcia was trying to intimidate plaintiff from pursuing the grievance against defendant Cortez.  Plaintiff confirms he was able to exhaust his administrative remedies as to his claims.  (ECF No. 9 at 3.)

defendant violated a prison policy fails to give rise to a federal civil rights claim.  See, e.g., Cousins v. Lockyer, 568 F.3d 1063, 1070 (9th Cir. 2009) (the failure to follow prison regulations or policies is not a federal constitutional violation.); Case v. Kitsap Cty. Sheriff's Dep't, 249 F.3d 921, 929 (9th Cir. 2001) ("[O]ur focus is on whether a reasonable officer would have known that the [defendants'] conduct violated Case's federal statutory or constitutional rights rather than merely a state law or policy provision.").

VII.    LEAVE TO AMEND

The Court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief.  The Court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  However, the Court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  See, e.g., West, 487 U.S. at 48.  Also, the complaint must allege in specific terms how each named defendant is involved.  Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint.  See Ramirez

v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Finally, plaintiff is cautioned that he has named as defendants individuals with common last names. Plaintiff should attempt to obtain at least the first initial of each defendant to assist in serving such individuals, should the court determine such service is appropriate.

VIII.   CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF Nos. 2, 10) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The findings and recommendations (ECF No. 7) are vacated.

4. Plaintiff's complaint is dismissed.

5. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

a. The completed Notice of Amendment; and

b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

///

Dated:  April 20, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/1/herr2429.14n

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE FAUNTAIN HERRON, JR., | No.  2:25-cv-2429 WBS CSK |
| Plaintiff, | NOTICE OF AMENDMENT |
| v. | |
| CORTEZ, et al., | |
| Defendants. | |

Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐    Amended Complaint

(Check this box if submitting an Amended Complaint)

DATED:

_____
Plaintiff